**PROPERTY RESEARCH AND DEVELOPMENT COMPANY, Respondent,**

v.

**CITY OF EAGAN et al., Appellants.**

**No. 49930.**

Supreme Court of Minnesota.

Jan. 25, 1980.

Paul H. Hauge and Kevin W. Eide, Eagan, for appellants.

Smith, Juster, Feikema, Malmon & Haskvitz and Wyman Smith, Minneapolis, for respondent.

Heard before OTIS, TODD, and YETKA, JJ., and considered and decided by the court en banc.

OPINION

TODD, Justice.

Plaintiff is the owner of a 40-acre tract of land located in the city of Eagan. The land is zoned R4 apartment. In the spring of 1978, plaintiff sought approval of a preliminary plat of 15 acres of the tract for construction of single-family dwellings. (R–1 zoning) At that time, the R–4 zoning permitted the construction of single-family

dwellings. The city council denied the plat approval. Plaintiff brought a mandamus action to compel approval of the preliminary plat. Prior to trial, the city amended its zoning ordinance so as to preclude the construction of single-family dwellings in an R–4 zone. Thereafter, the trial court issued its order directing the city to approve plaintiff's preliminary plat. We reverse.

 Because we conclude that mandamus is an inappropriate remedy in this case, we need not address the correctness of the trial court's decision that the plat should have been approved. The important fact in this appeal is that prior to trial the Eagan zoning ordinance was amended so as to preclude the plaintiff from building single-family dwellings on its R–4 zoned land. There is no vested right in zoning, *Almquist v. Town of Marshan*, 308 Minn. 52, 245 N.W.2d 819 (1976); *R. A. Vachon & Son, Inc. v. City of Concord*, 112 N.H. 107, 289 A.2d 646 (1972); 4 R. Anderson, *American Law of Zoning*, 97 (2nd 1977); Annot., 50 A.L.R.3d 596, 607 (1973); therefore, the plaintiff lost whatever right it may have had to approval of the plat when the zoning ordinance was amended.

It is clear that on the facts of this case, the order of mandamus was inappropriate. The order compels the council to approve a preliminary plat for which it cannot issue building permits under its existing zoning ordinance. No other landowners in the city of Eagan could receive a writ of mandamus allowing them to build on their property in contradiction of the zoning laws even though they had planned to do so prior to the change in the zoning ordinance. Even assuming, but not deciding, that the city improperly denied approval of the plat, mandamus did not lie in this case.

Our decision is based solely upon the inappropriateness of an order of mandamus. We do not reach any conclusion concerning other remedies, if any, available to plaintiff. *See* 4 A. Rathkopf, *The Law of Zoning and Planning*, 71–102 (4th 1979); *Almquist v. Town of Marshan*, 308 Minn. at 69, 245 N.W.2d at 828.

Reversed.