**STATE of Minnesota, CITY OF EDEN PRAIRIE, Respondent,**

v.

**John LIEPKE, Appellant.**

No. C1–86–1736.

Court of Appeals of Minnesota.

March 31, 1987.

Mark J. Johnson, Lang, Pauly & Gregerson, Ltd., Minneapolis, for respondent.

Jeffrey H. Olson, Thiel, Sorenson, Thiel, Campbell & Gunderson, Minneapolis, Michael J. McCauley, Mun. Amicus Program for the League of Minnesota Cities, Mankato, for appellant.

Heard, considered and decided by HUSPENI, P.J., and PARKER and LESLIE, JJ.

## OPINION

PARKER, Judge.

Appellant John Liepke was charged with city zoning ordinance violations. His motion to dismiss the complaint was denied, and he was later convicted. On appeal he claims the city had approved his construction project and therefore was equitably estopped from alleging that the project violated its zoning ordinances. We reverse and remand.

## FACTS

John Liepke owns a two-acre residential lot in Eden Prairie, Minnesota. The lot contains the house in which Liepke and his family live and a detached garage. In September 1984 Liepke presented plans to Lowell Thone, an Eden Prairie building inspector, to expand the garage into a stor-

age building. Liepke told Thone that the building would be used to store heavy equipment for his construction business.

On or about October 9, 1984, Liepke met with Thone and another building department employee. Liepke presented them with his building permit application and they discussed his intention to use the building to store heavy equipment. The men told Liepke that the city would review his application and contact him when the permit had been approved.

Within two weeks, Liepke's permit had been approved and he began construction. In late October a city zoning administrator went to the construction site and told Liepke that his excavation forms had to be moved six feet. Liepke agreed and again mentioned his intention to use the building to store heavy equipment.

As the construction proceeded, Liepke received various inspections and approvals from the city. During many of these visits, the equipment Liepke planned to store in the building was in plain view. In November Thone made three separate visits to check on the construction of the building's slab floor. Thone recommended changing the floor's thickness from six inches to one foot, due to the weight of the equipment to be stored in the building. Liepke implemented this change.

Liepke estimates that, as of March 25, 1985, he had spent approximately $30,000 in labor and supplies for construction of the storage building, which was about 90 percent completed. On that date, a city official came out and "red tagged" the project as violative of city use ordinances, halting any further construction.

In November and December 1985 the city brought misdemeanor criminal charges against Liepke for his alleged zoning ordinance violation. The city conceded that it had approved Liepke's plan to store heavy equipment in the building, but claimed it had not known that Liepke actually planned to run his business out of the building. The city claimed that this business purpose, not the storage of equipment

alone, violated the zoning laws.[1] Liepke brought a motion to dismiss the complaint, claiming the city was estopped because its agents had known of the building's intended use but had approved its construction nevertheless.

The trial court denied Liepke's motion to dismiss, finding that Liepke's use of the property violated Eden Prairie zoning ordinances, and ruling that equitable estoppel does not apply to prevent a municipality from enforcing its zoning ordinances. The court also ruled that there was no need to hold an evidentiary hearing because even if all of Liepke's allegations were true, equitable estoppel still would not be granted as a matter of law.

The matter was subsequently tried on stipulated facts without a jury. Liepke was found guilty; imposition of the sentence was conditionally stayed, and he appeals.

### ISSUE

Did the trial court err in ruling that a municipality may not be estopped from enforcing its zoning ordinances as a matter of law?

### DISCUSSION

■ The application of equitable estoppel is a question of law. *Alwes v. Hartford Life and Accident Insurance Co.*, 372 N.W.2d 376, 378 (Minn.Ct.App.1985). Therefore, this court need not defer to the trial court's ruling. *Id.* (citing *Van de Loo v. Van de Loo*, 346 N.W.2d 173, 175 (Minn. Ct.App.1984)).

Early Minnesota decisions held that a municipality could not be estopped from enforcing its zoning ordinances because zoning was a governmental, rather than proprietary, function. *See Kiges v. City of Saint Paul*, 240 Minn. 522, 538, 62 N.W.2d 363, 374 (1953); *W.H. Barber Co. v. City of Minneapolis*, 227 Minn. 77, 85, 34 N.W.2d 710, 715 (1948); *Alexander Co. v. City of Owatonna*, 222 Minn. 312, 320, 24 N.W.2d 244, 250 (1946).

The distinction between governmental and proprietary functions was abolished in *Mesaba Aviation Division of Halvorson of Duluth, Inc. v. County of Itasca*, 258 N.W.2d 877, 880 (Minn.1977):

Although the governmental-proprietary distinction might once have been a progressive test of the proper circumstances in which to estop the government, we no longer find it a useful tool for that purpose. * * * [T]he instant inquiry should not be whether the county's actions may be characterized as governmental or proprietary. Instead, the equities of the circumstances must be examined and the government estopped if justice so requires, weighing in that determination the public interest frustrated by the estoppel. * * * We do not envision that estoppel will be freely applied against the government. * * * But if justice demands, estoppel can be applied against the government even when it acted in a sovereign capacity if the equities advanced by the individual are sufficiently great.

*Id.* (footnotes and citations omitted). *See also Reiser v. Commissioner of Revenue*, 369 N.W.2d 2, 5 (Minn.1985) (following *Mesaba*'s abolition of the governmental/proprietary distinction).

The first case to follow the doctrine enunciated in *Mesaba* was *Ridgewood Development Co. v. State*, 294 N.W.2d 288 (Minn.1980). In that case the plaintiff development company claimed the State was estopped from enforcing against it a newly amended statute that would exclude the plaintiff's development project from tax-exempt bond financing. After discussing *Mesaba*, the supreme court set forth the following rule:

A local government exercising its zoning powers will be estopped when a property owner, (1) relying in good faith (2) upon some act or omission of the government,

---

1. Eden Prairie City Code § 11.10 (1984) sets forth certain permitted uses of property zoned rural. The city charged, and the trial court agreed, that Liepke's construction of a storage building was not a permitted use. This issue was not raised on appeal.

(3) has made such a substantial change in position or *incurred such extensive obligations and expenses* that it would be *highly inequitable* and unjust to destroy the rights which he ostensibly had acquired. * * * Stated somewhat differently, before plaintiff can be said to have made a significant investment deserving of judicial protection in a land use case, he must demonstrate expenditures that are unique to the proposed project and would not be otherwise usable.

*Ridgewood*, 294 N.W.2d at 292 (emphasis in original; citations omitted).

The *Ridgewood* court also ruled that a municipality could be estopped only if it had acted wrongfully:

[E]stoppel is available as a defense against the government if the government's wrongful conduct threatens to work a serious injustice and if the public's interest would not be unduly damaged by the imposition of estoppel. * *

Under [this test], the court must first look for the government's wrongful conduct. Only if it is found to exist does the balancing begin.

*Id.* at 293 (citation omitted).

Although the majority of the *Ridgewood* court ultimately declined to apply estoppel, *Ridgewood* followed *Mesaba* in ruling that a municipality could be estopped from enforcing its zoning ordinances under certain circumstances. In dissent, four justices expressed the view that under *Mesaba*, estoppel should have been applied. *See id.* at 295–97 (Kelly, J., dissenting). The dissent cited *Sullivan v. Credit River Township*, 299 Minn. 170, 217 N.W.2d 502 (1974), a decision that preceded *Mesaba* but nevertheless applied estoppel against a governmental unit. In *Sullivan* the supreme court, sitting en banc, held that a county was estopped from rescinding its approval of a landfill site where the plaintiff had expended over $10,000 in reliance of the

approval. *Id.* at 177–78, 217 N.W.2d at 507.[2]

Just five weeks after deciding *Ridgewood*, the supreme court decided *Frank's Nursery Sales, Inc. v. City of Roseville*, 295 N.W.2d 604 (Minn.1980). In that case the plaintiff was a retail lawn and garden operation that planned to build a store in Roseville. Pursuant to the plaintiff's request and after hearings, the city rezoned the area in question so that a lawn and garden center could be built there. The city then amended the applicable zoning ordinance, adding a definition of "lawn and garden center" that would exclude operations, such as the plaintiff's, that sold other products in addition to lawn and garden goods. The city subsequently denied the plaintiff's application for a building permit, citing the newly amended zoning ordinance. The plaintiff brought suit to compel issuance of the permit. The trial court held that the zoning ordinance amendment was invalid for lack of notice and that absent the amendment, the plaintiff was entitled to the building permit.

On appeal the supreme court examined the plaintiff's estoppel claim, which the trial court had not addressed. The plaintiff contended the city had led it to believe that its store complied with the zoning ordinance and therefore was estopped from denying the building permit. The court rejected this estoppel theory, holding:

We conclude Frank's contention that the city was estopped from denying the permit must be rejected as a matter of law. The law in Minnesota is clear that administration of zoning ordinances is a *governmental not a proprietary* function, and the municipality cannot be estopped from correctly enforcing the ordinance even if the property owner relied to his detriment on prior city action.

*Id.* at 607 (emphasis added). *See also Prior Lake Aggregates, Inc. v. City of Savage*, 349 N.W.2d 575, 580 (Minn.Ct.App. 1984) (following *Frank's Nursery* in hold-

**2.** In his concurring opinion, Justice Yetka agreed that the county was estopped from rescinding its original approval of the plaintiff's plan. *Sullivan*, 299 Minn. at 178, 217 N.W.2d at 507 (Yetka, J., concurring).

ing that a municipality could not be estopped from enforcing its zoning ordinances).

In *Frank's Nursery* the supreme court clearly relied on the distinction between governmental and proprietary functions. Thus, *Frank's Nursery* directly contradicted the doctrine enunciated by the supreme court in *Mesaba* and followed in *Ridgewood.* Because *Frank's Nursery* was an anomaly, its precedential value is questionable. Moreover, the estoppel discussion in *Frank's Nursery* must be viewed as dicta, because the plaintiff ultimately prevailed on other grounds. *Frank's Nursery,* 295 N.W.2d at 609 (holding that the plaintiff was a lawn and garden center even under the amended ordinance and therefore was entitled to the building permit). In light of these facts, we follow the rule of law enunciated in *Ridgewood* and *Mesaba.*

A party bringing a claim of estoppel against a governmental entity has a heavy burden of proof. *Ridgewood,* 294 N.W.2d at 292. The party must first show wrongful conduct on the part of the government. *Id.* at 293. The party must also demonstrate expenditures that are unique to the proposed project and would not be otherwise usable. *Id.* at 292. If these elements are proved, the equities of the circumstances will be examined. The government will be estopped only if the equities advanced by the individual are sufficiently great to outweigh the public interest frustrated by the estoppel. *Ridgewood,* 294 N.W.2d at 292; *Mesaba,* 258 N.W.2d at 880.

■ Here the trial court erred in ruling that a municipality may not be estopped from enforcing its zoning ordinances as a matter of law. Because the court denied Liepke's request for an evidentiary hearing, this court has no basis for determining whether equitable estoppel should be applied here. We agree with the city that if it does apply, it would appear to extend only to questions of reliance and permission to store vehicles on the site and not to that of actual operation of a business on the premises. Therefore, this case must be remanded and Liepke allowed to assert the defense of equitable estoppel.

## DECISION

Under certain circumstances, a municipality may be estopped from enforcing its zoning ordinances.

Reversed and remanded.