George DEGE, d.b.a. Dege Garden Center, Respondent,

v.

CITY OF MAPLEWOOD, Appellant.

No. C9–87–1574.

Court of Appeals of Minnesota.

Dec. 29, 1987.

John E. Daubney, St. Paul, for respondent.

John F. Bannigan, Jr., Patrick J. Kelly, St. Paul, for appellant.

Carl E. Norberg, St. Paul, for amicus curiae.

Heard, considered and decided by HUSPENI, P.J., and SEDGWICK and LOMMEN,* JJ.

## OPINION

SEDGWICK, Judge.

The City of Maplewood appeals from summary judgment granted to Dege. We reverse and remand.

## FACTS

Albert and George Dege own Dege Garden Center in Maplewood. In 1971, Albert Dege obtained a special use permit from the city in order to construct a parking lot adjacent to the garden center, on land zoned for residential use. The special use permit allowed customer parking but prohibited truck or trailer storage in the park-

ing lot. The special use permit also required a public hearing prior to any modification of its terms.

In 1986, George Dege obtained a building permit from the city in order to construct a trailer garage on the parking lot. After construction had begun, neighbors complained to the city that the garage violated the conditions of the special use permit. The city issued a stop order prohibiting Dege from completing the garage, and ordering him to remove it from the premises.

Dege applied for an amendment to the special use permit so that the garage could be completed. The city council denied his application. Dege filed a declaratory judgment action against the city. Dege moved for removal of the stop order, for an order estopping the city from asserting the permit was invalidly issued, and for protection from civil or criminal contempt. The trial court treated this action as a motion for summary judgment. The trial court granted summary judgment in favor of Dege.

## ISSUE

Is the city estopped from enforcing the terms of the special use permit?

## ANALYSIS

On review of summary judgment, the appellate court must decide if there are any genuine issues of material fact and if the trial court erred in applying the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

The city claims two issues of material fact exist. First, the city claims that the extent of Dege's knowledge of the existence and conditions of the special use permit is at issue. Second, the city claims that the extent of the garage's completion when the stop order was issued has not been fully discovered.

Special use permits, like all provisions in local zoning ordinances, are not

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 1.

personal licenses but attach to and run with the land. *State v. Dotty*, 396 N.W.2d 55, 59 (Minn.Ct.App.1986); *see Pelser v. Gingold*, 214 Minn. 281, 285–86, 8 N.W.2d 36, 39 (1943). The conditional use permit remains in effect until its provisions are violated. *See* Minn. Stat. § 394.301, subd. 3 (1986); *see also Orme v. Atlas Gas & Oil Co.*, 217 Minn. 27, 13 N.W.2d 757 (1944). The landowner has constructive notice of the permit after it is issued. *See LaValle v. Kulkay*, 277 N.W.2d 400, 402–03 (1979) (purchasers had knowledge of restrictive covenant contained in deed); *Strauss v. Ginzberg*, 218 Minn. 57, 15 N.W.2d 130 (1944) (purchaser's knowledge of restrictive covenant presumed). In this case, Dege's knowledge of the 1971 permit is presumed as a matter of law.

The extent of the garage's completion is not a material fact affecting summary judgment but is germane only to the issue of estoppel. Dege asserts that he changed his position in reliance upon the building permit to the extent that it would be inequitable for the city to require him to remove the garage. Dege spent more than $10,000 on the garage's construction, and it would cost more than $1500 to have the garage removed from his property. Dege contends that the city should be estopped from revoking the building permit, and estopped from enforcing the zoning ordinance and special use permit. The city does not dispute the fact that the garage was substantially completed.

The application of estoppel is a question of law. *State v. Liepke*, 403 N.W.2d 252 (Minn.Ct.App.1987). This court is hesitant to apply estoppel in zoning matters, and will apply the doctrine sparingly. *Ridgewood Development Co. v. State*, 294 N.W.2d 288 (Minn.1980); *Liepke*, 403 N.W.2d at 254.

The trial court concluded that *Liepke* was dispositive of the present case. However, the facts of *Liepke* are significantly different from those now before us. *Liepke* presented plans to expand his detached garage into a building to store heavy equipment for his construction business. His permit was granted and the building was constructed with the active supervision of the Eden Prairie building inspector. When the building was 90 percent completed and Liepke had spent $30,000, the structure was red tagged as violative of city use ordinances. Unlike the present case where Dege had constructive, if not actual, notice of limitations placed on the property by the special use permit, Liepke proceeded in good faith and neither concealed facts from the city nor violated the conditions of any permit.

In *Liepke*, the court applied the test of *Ridgewood Development Co.*:

> A local government exercising its zoning powers will be estopped when a property owner, (1) relying in good faith (2) upon some act or omission of the government, (3) has made such a substantial change in position or *incurred such extensive obligations and expenses* that it would be *highly inequitable* and unjust to destroy the rights which he ostensibly had acquired. * * *

*Ridgewood*, 294 N.W.2d at 292 (emphasis in original; citations omitted).

The *Ridgewood* court also ruled that a municipality could be estopped only if it had acted wrongfully:

> [E]stoppel is available as a defense against the government if the government's wrongful conduct threatens to work a serious injustice and if the public's interest would not be unduly damaged by the imposition of estoppel. * * *
>
> Under [this test], the court must first look for the government's wrongful conduct. Only if it is found to exist does the balancing begin.

*Liepke*. 403 N.W.2d at 254–55 (quoting *Ridgewood Development Co. v. State*, 294 N.W.2d 288 (Minn.1980)).

Dege did not rely in good faith on the action of the city in granting the building permit in 1986 when the special use permit

granted to him in 1971 put him on notice that such a building was not allowed and that any modification of the permit required a public hearing.

The equities in this case do not favor Dege. The dollar amount expended on the project does not create vested rights sufficient to outweigh the public's interest in zoning cases. *See Jasaka Co. v. City of St. Paul*, 309 N.W.2d 40 (1981). The mere possession of a building permit and the incurring of expenses do not create vested rights sufficient to justify estoppel. *Hawkinson v. County of Itasca*, 304 Minn. 367, 374–77, 231 N.W.2d 279, 283–84 (1975). Dege's reliance on a building permit, which he knew was issued in violation to the special use permit and zoning ordinance, is not sufficient to outweigh the public's interest in having the zoning regulations enforced uniformly. The city, as a matter of law, is not estopped from revoking the building permit and enforcing the ordinance.

In this case, Dege's building permit violated both the zoning ordinance and the special use permit. Since Dege is charged with constructive notice of the special use permit, it is unreasonable for him to claim reliance on a building permit issued in violation of that permit.

### DECISION

The trial court correctly determined that there is no issue of material fact and that summary judgment is appropriate. The trial court erred in granting summary judgment to Dege. As a matter of law, summary judgment must be granted to the city. We reverse and remand for entry of judgment in favor of the City of Maplewood.

Reversed and remanded.