**ROSE CLIFF LANDSCAPE NURSERY, INC., Petitioner, Appellant,**

v.

**CITY OF ROSEMOUNT, Respondent.**

**No. C5–90–2117.**

Court of Appeals of Minnesota.

April 2, 1991.

George L. May, Barbara J. Hoekstra, Hertogs, Fluegel, Sieben, Polk, Jones & LaVerdiere, P.A., Hastings, for appellant.

Roger N. Knutson, Gregory D. Lewis, Campbell, Knutson, Scott & Fuchs, P.A., Eagan, for respondent.

Considered and decided by SCHUMACHER, P.J., and NORTON and AMUNDSON, JJ.

## OPINION

SCHUMACHER, Judge.

On March 16, 1990 appellant Rose Cliff Landscape Nursery, Inc. filed a petition in Dakota County District Court for an Alternative Writ of Mandamus to compel respondent City of Rosemount to approve its application for a building permit and site plan. Appellant intended to construct a commercial greenhouse and landscape nursery on ten acres located in the City of Rosemount. Pursuant to the city's motion, the trial court granted summary judgment in favor of the city.

## FACTS

During the summer of 1989, appellant brought its site plan to the Rosemount City Planner and Rosemount building officials to determine whether there would be any problems developing the property as a commercial greenhouse and nursery. The land on which appellant proposed to construct its project was zoned agricultural. The zoning ordinance permitted the operation of commercial greenhouses and landscape nurseries within the city limits.

After consulting with the city officials, appellant completed the purchase of approximately ten acres in northwestern Rosemount. In early October, 1989, appellant formally applied for a building permit and site plan approval for its commercial greenhouse and nursery project.

On October 24, 1989, a hearing on appellant's application was held before the Rosemount Planning Commission. The city staff recommended approval of the application to the Planning Commission on the grounds the project conformed with the existing zoning ordinance.

Notwithstanding the recommendation of the city staff, the Planning Commission unanimously denied approval of the permit because the Commission determined that the retail sales proposed by the project were inconsistent with the intent of the ordinance. Although section 6.1B of the Rosemount Zoning Ordinance allowed commercial greenhouses and landscape nurseries, the zoning ordinance did not specifically define "commercial greenhouse" or "landscape nursery." The Planning Commission recommended that the zoning ordinance be amended to define the terms "greenhouse" and "landscape nursery" so as to prohibit retail sales.

On December 5, 1989, the Rosemount City Council amended the ordinance, defining "greenhouse" and "landscape nursery" as operations which sell flowers and vegetables exclusively at wholesale to retailers and jobbers. The amended ordinance prohibited accessory sales.

Appellant commenced this action seeking an Alternative Writ of Mandamus to compel the city to issue the building permit.

## ISSUES

1. Did the trial court err as a matter of law in determining that an Alternative Writ of Mandamus should not be issued based on the retroactive application of the amendment to the zoning ordinance?

2. Did the city's amendment to the agricultural zoning ordinance violate the equal protection clauses of the Minnesota Constitution and the fourteenth amendment of the United States Constitution?

## ANALYSIS

The question presented by this appeal is whether the trial court properly denied appellant's Alternative Writ of Mandamus. Because a purely legal determination is involved, this court need not give deference to the trial court's decision below. *Castor v. City of Minneapolis,* 429 N.W.2d 244, 245 (Minn.1988).

### I.

The rule followed in most jurisdictions permits the retroactive application of a zoning regulation to deny a building permit for which the application was made prior to the effective date of the new regulation. *Almquist v. Town of Marshan,* 308 Minn. 52, 65, 245 N.W.2d 819, 826 (1976). The rule is based upon the principle that "[t]here is no vested right in zoning." *See Property Research & Dev. Co. v. City of Eagan,* 289 N.W.2d 157, 158 (Minn.1980).

The Minnesota Supreme Court has considered the issue in the context of a writ of mandamus. In *State ex rel Rose Bros. Lumber & Supply Co. v. Clousing,* 198 Minn. 35, 268 N.W. 844 (1936), the supreme court considered a construction company's petition for a writ to compel city officials to issue building permits to the company. The company sought to repair a structure and to erect a new one to replace one which had been damaged by fire. After the official refused to issue the permits, the Minneapolis City Council passed an ordinance

prohibiting the erection of buildings for the sale or storage of lumber without first obtaining a permit.

The trial court held the ordinance was passed after the mandamus proceeding had begun and could not be retroactively applied to the construction company. The supreme court reversed concluding the lumber company did not have a vested right to maintain its lumber yard free from regulation enacted by the city. The supreme court stated:

> No person can acquire a vested right to continue, when once licensed, in a business, trade, or occupation which is subject to legislative control and regulation under the police power. The rights and liberty of the citizen are all held in subordination to that government prerogative, and to such reasonable regulations and restrictions as the legislature may from time to time prescribe.

*Id.* at 45, 268 N.W. at 849.

The supreme court has more recently considered the issue in *Property Research & Dev. Co. v. City of Eagan,* 289 N.W.2d 157 (Minn.1980). There, a property owner sought approval of a preliminary plat for the construction of single-family dwellings. At the time, the property was zoned so as to permit such dwellings. The city council, however, refused to approve the plat and the property owner brought a mandamus action. Prior to trial, the city amended its zoning ordinance so as to preclude the construction of single-family dwellings on the property. *Id.*

The supreme court concluded that the property owner had no vested right in zoning and that the amendment to the ordinance precluded the property owner from constructing single-family dwellings. The supreme court did not reach the issue of whether the plat should have been approved, holding that mandamus was an inappropriate remedy in the case. The supreme court stated:

> [e]ven assuming, but not deciding, that the city improperly denied approval of the plat, mandamus did not lie in this case.

Our decision is based solely upon the inappropriateness of an order of mandamus. We do not reach any conclusion concerning other remedies, if any, available to plaintiff.

*Id.*

██ Here, appellant lost whatever right it may have had to approval of its building permit application and site plan when the zoning ordinance was amended by the Rosemount City Council. Notwithstanding the court's finding that respondent's refusal to issue the permit was arbitrary and capricious, mandamus does not lie as an appropriate remedy. *Id.*

Appellant's right to rely on the initial ordinance was subordinate to the city council's police power to enact a different zoning regulation. We conclude the trial court correctly determined that appellant had no vested right to construct its project and that appellant's remedy, if any, did not lie in a mandamus action.

██ Appellant also argues the city is estopped from basing its denial of appellant's building permit application on the zoning amendment adopted subsequent to the denial. Appellant argues that the trial court erred by not applying the doctrine of equitable estoppel despite its finding that the city acted arbitrarily and capriciously in denying the application.

Even if we were not precluded by the mandate in *Property Research* which prohibits examination of the zoning authority's action with regard to the prior ordinance, appellant's equitable estoppel argument fails. For equitable estoppel to lie, appellant must have relied on the city official's representations and suffered detriment in doing so. *City of Eden Prairie v. Liepke,* 403 N.W.2d 252, 254–55 (Minn.App.1987). We have recognized the heavy burden of proof placed on a party bringing an estoppel claim against a governmental entity:

> The party must first show wrongful conduct on the part of the government. The party must also demonstrate expenditures that are unique to the proposed project and would not be otherwise usable. If these elements are proved, the equities of the circumstances will be examined.

*Id.* at 256 (citing *Ridgewood Dev. Co. v. State,* 294 N.W.2d 288, 292–93 (Minn. 1980)).

Here, appellant has not shown it has incurred expenses unique to the project. Under the circumstances, we need not examine the equities further.

## II.

██ Appellant additionally argues the city's after-the-fact amendment of the zoning ordinance violates the equal protection clauses of the Minnesota Constitution and the fourteenth amendment of the United States Constitution. Appellant argues that if the zoning ordinance is unconstitutional, denial of the mandamus action on the basis of its retroactive application would be inappropriate.

However, appellant has failed to raise its equal protection argument before the trial court. Appellant's constitutional argument, which was not presented to the trial court will not be considered for the first time on appeal. *Leonard v. Parrish,* 420 N.W.2d 629, 632 (Minn.App.1988) (citing *St. Paul Citizens for Human Rights v. City Council of the City of St. Paul,* 289 N.W.2d 402, 407 (Minn.1979)).

"The principles of appellate practice require that parties be bound by the theories on which the case was tried in the trial court, and alternative theories may not be presented for the first time on appeal." *Id.* (citing *Mattson v. Underwriters at Lloyds of London,* 414 N.W.2d 717, 721–22 (Minn. 1987)). Because appellant did not raise its equal protection argument below, this court may not consider the issue.

## DECISION

The trial court correctly denied appellant's petition for an alternative writ of mandamus.

Affirmed.