**STATE of Minnesota, Appellant,**

v.

**Rodolfo Jiminez RAMIREZ, Respondent.**

**No. CX–99–181.**

Court of Appeals of Minnesota.

June 29, 1999.

Mike Hatch, Attorney General, St. Paul; and Lisa N. Borgen, Clay County Attorney, Gregg S. Jensen, Assistant Clay County Attorney, Moorhead, for appellant.

John M. Stuart, State Public Defender, Leslie J. Rosenberg, Assistant State Public Defender, Minneapolis, for respondent.

Considered and decided by SCHUMACHER, Presiding Judge, AMUNDSON, Judge, and HALBROOKS, Judge.

## OPINION

HALBROOKS, Judge

Appellant State of Minnesota challenges the district court's pretrial order dismissing respondent's welfare fraud charge on equitable estoppel grounds. Appellant argues equitable estoppel is not available to a criminal defendant and, even if it were, its requirements were not met in this case. Respondent contends the district court's order is not appealable. Respondent also requests attorney fees under Minn. R.Crim. P. 28.04, subd. 2(6), by separate motion. Because we determine the order is appealable and equitable estoppel does not apply under the facts of this case, we reverse. Respondent's motion for attorney fees is granted.

## FACTS

Appellant filed a complaint on April 20, 1998, charging respondent Rodolfo Jiminez

Ramirez with wrongfully obtaining assistance in the amount of $1,733.64. Michael Cline, a Clay County welfare fraud investigator, alleged respondent was working and living in North Dakota while receiving public assistance from Clay County between June 1, 1995 and August 31, 1995. *Cline found the overpayment in November 1995, in the course of investigating an unrelated welfare fraud issue.*

On December 5, 1997, respondent signed an agreement with Clay County Social Services to repay the alleged overpayment. The agreement called for $20 weekly payments. At the time of the omnibus hearing, respondent had made payments totaling $540. Tami Gehrke is the collections officer assigned to respondent's civil collections case. There is no allegation that Gehrke made any representation to respondent about the possibility of criminal charges or had any contact with anyone investigating respondent for potential criminal charges.

Respondent moved to dismiss the charge based on laches and equitable estoppel. A contested omnibus hearing was held and the district court dismissed the charge, concluding appellant was equitably estopped from prosecuting respondent after Clay County Social Services had first made an agreement with respondent for repayment. This appeal followed.

## ISSUES

1. Did the district court err in dismissing respondent's welfare fraud charge on equitable estoppel grounds?

2. Is the district court's order appealable under Minn. R.Crim. P. 28.04, subd. 1(1)?

3. *Is respondent entitled to attorney fees on appeal?*

## ANALYSIS

### 1. Estoppel

 The application of equitable estoppel presents a question of law. *State v.*

*Liepke*, 403 N.W.2d 252, 254 (Minn.App. 1987). This court is not bound by and need not give deference to a district court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

> As a general rule, for equitable estoppel to lie, the plaintiff must demonstrate that the defendant, through his language or conduct, induced the plaintiff to rely, in good faith, on his language or conduct to his injury, detriment or prejudice.

*Ridgewood Dev. Co. v. State*, 294 N.W.2d 288, 292 (Minn.1980) (citations omitted). Where justice demands, estoppel may be applied against the government. *Mesaba Aviation Div. v. County of Itasca*, 258 N.W.2d 877, 880 (Minn.1977).

> [E]stoppel is available as a defense against the government if the government's wrongful conduct threatens to work a serious injustice and if the public's interest would not be unduly damaged by the imposition of estoppel.

*Ridgewood*, 294 N.W.2d at 293 (quoting *United States v. Lazy FC Ranch*, 481 F.2d 985, 989 (9th Cir.1973)).

In Minnesota, equitable estoppel has been applied against the government in a criminal prosecution context, *see Liepke*, 403 N.W.2d at 256 (estopping municipality's misdemeanor prosecution for zoning violation); but estoppel has only been held applicable against the government in zoning and tax cases. *See, e.g., Mesaba*, 258 N.W.2d at 880–81 (stating estoppel may lie in tax case where "a specific representation is authoritatively made to and invites reliance by a taxpayer * * *"); *Ridgewood*, 294 N.W.2d at 292 (setting forth rule for circumstances under which a local government exercising its zoning powers will be estopped, but concluding estoppel did not apply under the facts of the case). The supreme court has cautioned that equitable estoppel should not be freely ap-

plied, but instead should be used only sparingly against the government. *See Ridgewood*, 294 N.W.2d at 294; *Mesaba*, 258 N.W.2d at 880.

██ Moreover, as appellant argues, the legislature has specifically provided a county may "institute a criminal or civil action or both" when assistance has been wrongfully obtained. *See* Minn.Stat. § 256.98, subd. 5 (1996). "[A] court's attempt to negate the application of legislation on other than constitutional grounds creates serious separation of powers problems." *Ridgewood*, 294 N.W.2d at 293. Quoting the Third Circuit Court of Appeals, the supreme court noted:

> We should think that a court of law and equity would hesitate to interfere in the performance by a legislative body of its political and policy decisions which, in the absence of evidence of taint of fraud, have as their primary, if not sole, objective, the general well-being of the community they are selected to represent. In our view, only the most compelling reasons and the clear necessity to avoid the most unconscionable results could, if at all, sustain the substitution by the court of its judgment for that which is committed to the discretion of the legislative organ.

*Id.* (quoting *Huntt v. Government of Virgin Islands*, 382 F.2d 38, 44 (3d Cir.1967)). For the reasons stated above, we conclude the doctrine of equitable estoppel may not be applied to prevent a welfare fraud prosecution because of a prior civil settlement.

██ Even if equitable estoppel properly applied in welfare fraud prosecutions, it does not apply under the facts of this case. The most important element of an equitable estoppel case against the government is wrongful government conduct. *Ridgewood*, 294 N.W.2d at 293. This court has interpreted "wrongful conduct" to mean affirmative misconduct. *In re Westling Mfg.*, 442 N.W.2d 328, 332 (Minn. App.1989), *review denied* (Minn. Aug. 25, 1989). Inducement is also "central to the concept of equitable estoppel." *Ridge-*

*wood*, 294 N.W.2d at 293. A review of the caselaw shows equitable estoppel has only been held applicable against the government where a government agent has made affirmative representations inducing detrimental reliance. *See, e.g., Liepke*, 403 N.W.2d at 253 (holding estoppel applicable where inspector approved construction project); *but see Brown v. Minnesota Dep't of Pub. Welfare*, 368 N.W.2d 906, 910 (Minn.1985) (holding Department of Public Welfare was not estopped from collecting funds where no affirmative representation was made but "impression" was left that doctor need not comply with authorization requirement).

Here, respondent does not allege that the collections worker made any direct or indirect representations to him that he would not be prosecuted if he agreed to repay the amount he illegally collected. Indeed, the record is clear that the collections worker was unaware of any criminal enforcement efforts. The actions of the collections worker do not reach the level of affirmative misconduct.

██ Furthermore, "reliance on the conduct later wished to be renounced is a necessary element of equitable estoppel." *Mesaba*, 258 N.W.2d at 880. Respondent failed to present any evidence that he relied on the mistaken notion that if he agreed to repay the county, he would not be prosecuted. As the district court noted, respondent had a heavy burden of proof to establish equitable estoppel. *See Ridgewood*, 294 N.W.2d at 292. He failed to meet that burden.

## 2. Appealability

██ Respondent contends this appeal should be dismissed because the district court, in effect, dismissed the case in the "interests of justice," and such pretrial dismissals are not appealable by the prosecuting attorney under Minn. R.Crim. P. 28.04, subd. 1(1), which provides:

> The prosecuting attorney may appeal as of right to the Court of Appeals:

(1) in any case, from any pretrial order of the trial court * * *. However, an order is not appealable * * * if it is an order dismissing a complaint pursuant to Minn.Stat. § 631.21 * * *.

Minn.Stat. § 631.21 (1998) provides:

The court may order dismissal of an action either on its own motion or upon motion of the prosecuting attorney, and in furtherance of justice. If the court dismisses an action, the reasons for the dismissal must be set forth in the order and entered upon the minutes.

When a complaint is dismissed in furtherance of justice under Minn.Stat. § 631.21, the state's remedy is not an appeal; it may either reissue the complaint or attempt to have the court reconsider its decision. *State v. Fleck*, 269 N.W.2d 736, 737 (Minn. 1978).

 In the present case, the district court did not cite the interests of justice as the basis for its decision. The court granted respondent's motion to dismiss based on equitable estoppel. Respondent relies on numerous cases in which Minnesota appellate courts have dismissed appeals taken from pretrial orders dismissing charges in furtherance of justice. But respondent cites no authority for this court to read a district court's order as dismissing in furtherance of justice where the district court: (1) did not cite Minn.Stat. § 631.21; (2) did not state in its order it was dismissing in furtherance of justice; and (3) clearly dismissed the charge on a separate and distinct legal basis. The district court's basis for the dismissal is controlling for purposes of review. *City of St. Paul v. Halvorson*, 301 Minn. 48, 51, 221 N.W.2d 535, 537 (Minn. 1974); *see also* Minn.Stat. § 631.21 (stating a court dismissing in furtherance of justice must set forth its reasons for the dismissal in its order). The district court did not dismiss in furtherance of justice under Minn.Stat. § 631.21. The order is appealable under Minn. R.Crim. P. 28.04, subd. 1(1).

## 3. Fees

Respondent moves for an award of attorney fees incurred in defense of this appeal, relying on Minn. R.Crim. P. 28.04, subd. 2(6). Respondent's counsel submitted a supporting affidavit and there has been no response or objection from appellant. The amount sought is consistent with awards made by this court in other cases. Respondent is awarded $1,200 for attorney fees.

## DECISION

The district court erred in dismissing respondent's welfare fraud charge on the basis of equitable estoppel. The district court did not dismiss the charge in furtherance of justice under Minn.Stat. § 631.21, therefore the order was appealable under Minn. R.Crim. P. 28.04, subd. 1(1). Respondent's motion for fees is granted.

**Reversed, motion granted.**