WALTER W. SIGGELKOW v. CHRISTIAN ARNOLD AND OTHERS.[1]

December 2, 1932.

No. 29,197.

[1]Reported in 245 N. W. 629.

*John I. Levin,* for appellant.
*Fred A. Kueppers,* for respondents.

Holt, J.

Plaintiff appeals from the order sustaining a demurrer to his petition, made pursuant to 2 Mason, 1927, §§ 6578-1, 6578-2 (L. 1921, p. 270, c. 219).

The main facts of the petition are: Elise Asmussen, until her death on November 23, 1931, was the owner of lot 15, block 2, Mackubin & Marshall's addition to St. Paul. She died testate. The defendant Arnold is her executor, and the other defendants are her sole heirs and legatees. On August 1, 1928, Elise Asmussen leased, by written lease, to petitioner for a term of five years the downstairs portion of the brick building on said lot for the yearly rent of $720. Petitioner entered into possession and has paid the rent. Subsequently the city of St. Paul under its power of eminent domain appropriated the north 20 feet of said lot for the widening of University avenue; and on June 30, 1931, the city council passed its final order awarding the owners of said property $12,748.54 compensation for the appropriation of the part of the lot stated. The award was in gross and has been deposited by the city with the clerk of the district court pursuant to § 6578-1 of the code. The value of the leasehold interest of petitioner at the time of the appropriation by the city was $500, and petitioner has been damaged in that sum. The lease is made a part of the petition, but the only provision therein relied on in support of the demurrer is this:

"Said lessor in consideration of the payment of such rent heretofore specified, hereby covenants as follows, to-wit:

"1st. That in case of fire, tornado, or other cause, said building should become untenantable by the lessee, he shall be relieved from the payment of rent during such time that such building is untenantable, and unless said lessor rebuilds within a reasonable time, said lease shall terminate."

The claim of respondents is that when the leased premises are rendered untenantable by the right of the exercise of the power of eminent domain the lease terminates by virtue of the quoted part thereof. It is not contended that the lease was terminated by virtue of G. S. 1923 (2 Mason, 1927) § 8190, although that statute relieves a tenant from paying rent as well when the leased premises become untenantable because taken by eminent domain proceedings as when so rendered by fire or tornado. Kafka v. Davidson, 135 Minn. 389, 160 N. W. 1021. But it is to be noted that this is a covenant on the part of the lessor relieving the lessee from payment of the rent during the time the premises are untenantable, and unless the lessor rebuilds within a reasonable time the lease shall terminate. It is not an unconditional termination upon the happening of untenantableness. Nor is it a stipulation for its termination upon the institution of condemnation proceedings, nor an agreement that such event shall terminate the lease so as to give the lessor the damages awarded for the leasehold. Had this been a 100-year ground lease, it would not be contended that the quoted sentence was intended to end the lease and transfer to the lessor the right to the entire award for the taking of the property under the right of eminent domain. A five-year leasehold is an interest in realty. Had the leased premises been destroyed by the negligent setting of fire by a third party, there could be no doubt that the lessee would have a cause of action against the third party for the value of the unexpired term, notwithstanding the covenant mentioned and notwithstanding the lessee would be relieved of further rent under that covenant. Friedman Bros. Holding Co. v. Nathan, 159 Minn. 101, 198 N. W. 460, 37 A. L. R. 1166, has no bearing on the question here; nor has the statement in Kafka v. Davidson, 135 Minn. 389, 160 N. W. 1021, that the appropriation of leased premises under the right of eminent domain may render the same untenantable so that § 8190 of the code would relieve the lessee from the covenant to pay rent. Neither of these cases is authority for the proposition that the rendering untenantable of leased premises by the taking thereof under the right of eminent

domain destroys the lessee's right to damages or compensation for the injury to his leasehold or vests such right in the lessor. If such a result is to follow it must be found in the terms of the lease.

We think the term "other cause" in the clause "in case of fire, tornado, or other cause said building should become untenantable," in this lease, must refer to a cause of the same fortuitous nature as fire and tornado. It cannot refer to disrepair or the like. Nor is there any intimation in the language used that it was the intention of the parties that the taking of a part or the whole of the leased premises under the right of eminent domain terminated the lease so that the lessee had no claim to the compensation awarded for the taking of the leasehold. In In re Improvement of Third Street, 178 Minn. 552, 553, 228 N. W. 162, 163, the lease contained this clause:

"If the premises or any part thereof, or any part of the improvements of which they form a part, shall be taken for any street or any other public use, or shall, during the continuance of this lease, be destroyed by the action of the public authorities, then this lease and the term demised shall at the option of either party terminate."

The quoted provision was evidently inserted in contemplation of an expected taking by the city under the eminent domain statute. The city did take the entire demised part, and it was held that the intention of the parties by the language used was that where the city took the entire leased premises the term was ended so that nothing of an unexpired term remained for which compensation could be claimed. And it was added [178 Minn. 556]:

"In short, we think the parties by the provision in the instant lease intended that in case of the city's taking, under the right of eminent domain, the entire demised premises, the whole compensation therefor should go to the lessor."

In the case at bar no inference even can be drawn from the language quoted above that the parties intended to provide what their rights should be to the awarded compensation in case of a taking

by right of eminent domain of the demised premises during the term of the lease. In the absence of any definite agreement on the subject, we think it quite clear that petitioner may assert a right to share therein to the extent of the value, if any, of the unexpired term.

The order is reversed.

