**NAEGELE OUTDOOR ADVERTISING COMPANY OF MINNEAPOLIS, a Delaware Corporation, f/k/a Naegele Outdoor Advertising, Inc., a Delaware Corporation, Appellant,**

v.

**CITY OF LAKEVILLE, Respondent.**

No. C6–94–2197.

Court of Appeals of Minnesota.

May 30, 1995.

Review Denied July 20, 1995.

Christopher J. Dietzen, Christopher K. Larus, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, for appellant.

Thomas M. Scott, Campbell, Knutson, Scott & Fuchs, P.A., Eagan, for respondent.

Considered and decided by SHORT, P.J., and CRIPPEN and JONES,* JJ.

## OPINION

SHORT, Judge.

A Lakeville city ordinance requires removal of nonconforming billboards as a condition of land development. Naegele Outdoor Advertising Co. leased advertising space on outdoor structures in Lakeville. When five property owners terminated Naegele's leases in order to develop their properties, Naegele sued Lakeville for damages, a declaration of its rights, and initiation of condemnation proceedings. The trial court granted summary judgment in favor of Lakeville. On appeal, Naegele argues: (1) Lakeville's sign ordinance constitutes governmental confiscation of private property without compensation; and (2) it has a vested right to construct replacement billboards under the now-repealed ordinance.

## FACTS

Naegele is a Delaware corporation engaged in the business of renting advertising space on outdoor structures. Between 1967 and 1984, Naegele entered into six lease agreements to erect billboards and lease advertising space on the Power Center, Mills Fleet Farm, Norgaard, Amoco, and Joe Miller properties in Lakeville. Naegele's lease agreements with the Power City and Norgaard property owners provided that the property owners could terminate the lease upon ninety days written notice if the owners improved the premises by permanent construction or remodeling which required removal of the sign structure. Naegele's lease agreements with the Mills Fleet Farm and Joe Miller property owners provided for termination on thirty-days notice if the property was sold or developed. Naegele's lease for the Amoco property provided for termination at will of either party upon thirty days notice.

In 1984, Lakeville adopted several zoning ordinances. City Code § 9–3–5.B prohibited

billboards in the City of Lakeville. City Code § 9–3–6.A allowed nonconforming billboards (those erected prior to the ordinance) to remain indefinitely. City Code § 9–3–4Q stated billboards are considered the principle land use and must be removed as a condition of platting or development. City Code § 9–3–7G(3) authorized the construction of one new billboard for every two billboards removed through the permit application process.

In October of 1984, Lakeville approved development of a motel and convenience store on the Power Center property. On August 6, 1985, the property owner notified Naegele of its proposed construction and requested removal of the billboard. Naegele complied with that request.

In May of 1985, Lakeville approved development of a store on the Mills Fleet Farm property. After receiving written notice of the proposed development from the property owner, Naegele removed the billboards.

On June 1, 1985, Lakeville approved development of a shop and equipment storage facility on the Norgaard property. On October 17, 1985, Norgaard notified Naegele of its proposed construction and requested removal of the billboard. Naegele immediately complied with that request.

In October of 1987, Lakeville approved development of a filling station on the Amoco property. After receiving written notice of the proposed development from the property owner, Naegele removed those signs in November of 1987.

Between 1985 and 1989, Naegele contacted representatives of Lakeville about building replacement billboards. On July 5, 1989, City Code § 9–3–7G(3) was amended to provide that "no credit will be given for signs removed as a condition of platting or P.U.D. approval."

In July of 1990, Lakeville approved construction of a single-family home on the Joe Miller property. After receiving written notice of the proposed development from the

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

pointment pursuant to Minn. Const. art. VI, § 2.

property owner, Naegele removed the billboard within the month.

In September of 1993, Naegele submitted permit applications for three replacement billboards. Lakeville refused those applications. Naegele brought this action in November of 1993. On July 5, 1994, Lakeville's City Council repealed its ordinance relating to replacement billboards.

## ISSUES

I. Does application of the Lakeville sign ordinance to the undisputed facts constitute a taking of Naegele's property rights?

II. Does Naegele have a vested right under a prior version of the sign ordinance to construct replacement billboards?

## ANALYSIS

 Summary judgment is appropriate when no genuine issue exists as to any material fact and when the determination of applicable law will resolve the controversy. Minn. R.Civ.P. 56.03; *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). We view the evidence in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). Summary judgment is appropriate where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). However, summary judgment is not intended as a substitute for trial when there are factual issues to be determined. *Vacura v. Haar's Equip., Inc.*, 364 N.W.2d 387, 391 (Minn.1985).

### I.

 Private property cannot be taken for public use without just compensation. U.S. Const. amend. V; Minn. Const. art. 1, § 13; *see Chicago, B. & Q.R. Co. v. City of Chicago*, 166 U.S. 226, 241, 17 S.Ct. 581, 586, 41 L.Ed. 979 (1887) (Takings Clause made applicable to states through Due Process Clause of Fourteenth Amendment). One of the principal purposes of the Takings Clause

is "to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States*, 364 U.S. 40, 49, 80 S.Ct. 1563, 1569, 4 L.Ed.2d 1554 (1960). Property rights in outdoor advertising devices are entitled to the same protections. *See* 23 U.S.C. § 131(g) (1988) (just compensation shall be paid upon removal of any outdoor advertising sign); Minn.Stat. § 173.17(4) (1994) (no lawfully erected advertising device shall be removed by state or local zoning authority until all rights in property have been compensated); *State v. Weber–Connelly, Naegele, Inc.*, 448 N.W.2d 380, 383 (Minn.App.1989) (Minn.Stat. § 173.17 permits compensation for lost rental income of removed billboard).

The ordinance at issue requires removal of nonconforming billboards as a condition of platting or P.U.D. approval. Naegele does not challenge the ordinance on First Amendment grounds. We are asked solely to determine whether the ordinance effects an impermissible taking of Naegele's leasehold interests in violation of constitutional and statutory guarantees.

 A zoning law effects a taking if (1) it does not substantially advance a legitimate governmental interest, or (2) it denies an owner economically viable use of land. *Agins v. City of Tiburon*, 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106 (1980). A regulatory taking occurs where a governmental body conditions some discretionary benefit on compliance with an otherwise unconstitutional regulation. *Dolan v. City of Tigard*, —— U.S. ——, ——, 114 S.Ct. 2309, 2317, 129 L.Ed.2d 304 (1994). Naegele argues Lakeville's sign ordinance deprives it of all economically beneficial use of its leaseholds.

 To determine whether Naegele's leasehold interests have been altered by the ordinance, we must look to the terms of the leases. Leasehold interests are governed by the terms of the parties' lease agreements. *In re Minneapolis Community Dev. Agency*, 417 N.W.2d 127, 129 (Minn.App.1987), *pet. for rev. denied* (Minn. Feb. 24, 1988); *see United States v. Petty Motor Co.*, 327 U.S.

372, 375–76, 66 S.Ct. 596, 598–99, 90 L.Ed. 729 (1946) (by terms of lease, lessee had no remaining property interest in leasehold); *United States v. 27,223.21 Acres of Land,* 589 F.Supp. 1121, 1123 (D.Colo.1984) (interest of lessor and lessee is defined by the compensable term of the lease). The terms of Naegele's lease agreements are undisputed: five leases allow the property owner to terminate the lease upon development of the property, and the sixth lease permits termination at the will of either party. The property owners terminated Neagele's leasehold interests when they exercised their lease options. Naegele's leasehold interests were not altered by the ordinance because the ordinance allowed the billboards to remain as long as the landowner desired and permitted that land use. *See Outdoor Sys., Inc. v. City of Mesa,* 997 F.2d 604, 618 (9th Cir.1993) (ordinance requiring removal of billboards for city approval to develop land did not change contractual rights or duties between lessor and lessee). Under these undisputed facts, the sign ordinance did not deprive Naegele of its leasehold interests.

■ Naegele argues the plain language of Minn.Stat. ch. 173 requires compensation for Lakeville's removal of outdoor advertising devices. However, that statute only requires compensation for those who have property rights. Minn.Stat. § 173.17(4); *see Dairyland Power Coop. v. Brennan (In re Dairyland Power Coop),* 248 Minn. 556, 565, 82 N.W.2d 56, 63 (1957) (courts shall assume legislature intended that eminent domain be exercised within framework of the constitution); *Weber–Connelly, Naegele, Inc.,* 448 N.W.2d at 383 (statute must be interpreted consistently with the common law of eminent domain). Because Naegele's leasehold interests were terminated by the property owners, it is not entitled to compensation. In view of our conclusion, we need not address the parties' other arguments on the statute's applicability or limitations.

■ Even if we were to assume Lakeville's sign ordinance effected a taking, Naegele does not have a compensable interest in the properties because it agreed in advance to termination of its leasehold rights upon the property owners' development of their land. *See Petty Motor Co.,* 327 U.S. at 376, 66 S.Ct. at 599 (tenant is not entitled to compensation where lease contains clause for automatic termination of lease upon a taking); *Naegele Outdoor Advertising Co. v. Village of Minnetonka,* 281 Minn. 492, 503, 162 N.W.2d 206, 214 (1968) (if lease terminates upon condemnation of property, either automatically or at option of lessor, lessee is entitled to no compensation for loss of his leasehold interest); *Korengold v. City of Minneapolis (In re Site for Library),* 254 Minn. 358, 363, 95 N.W.2d 112, 116 (1959) (lessee had no compensable interest where lease provided that it would terminate upon taking of premises for public use); *Buckbee–Mears Co. v. City of St. Paul (In re Improvement of Third St.),* 178 Minn. 552, 555–56, 228 N.W. 162, 164 (1929) (lessee had no compensable interest where lease provided that taking by city of entire premises ends the lease); *City of Rochester v. Northwestern Bell Tel. Co.,* 431 N.W.2d 874, 878 (Minn. App.1988) (lessee has no compensable interest where lease contained clause terminating lease automatically at condemnation, or within thirty days of sale or development of property), *pet. for rev. denied* (Minn. Jan. 13, 1988); *see also* 2 Nichols' The Law of Eminent Domain § 5.06[2] (Julius L. Sackman & Russell D. Van Brunt eds., 3d ed. 1993) (where lease contains "condemnation clause" tenant has no interest in property remaining after the taking to sustain claim for compensation).

■ By the express terms of its lease agreements, Naegele has no compensable interest in the properties. That conclusion accords with the determination of a lessee's damages in an eminent domain proceeding. If there is a taking of a leasehold interest, lessees are entitled to the fair rental value of the premises, less the amount of the rent, for the remainder of the term of the lease. *Naegele Outdoor Adv. Co.,* 162 N.W.2d at 214 (quoting *McGill–Warner v. City of St. Paul (In re Assessment for Widening Third Street),* 176 Minn. 389, 390, 223 N.W. 458 (1929)). Because Naegele's leasehold interests were terminated by the terms of the lease agreements, there is no remaining term of the lease and Naegele would be entitled to

no compensation. *See Buckbee–Mears Co.,* 178 Minn. at 555–56, 228 N.W. at 164 (where provision in lease itself puts an end to the term, nothing of an unexpired term remains for which compensation can be claimed).

■ Naegele argues the mere fact that its leaseholds could be terminated by the property owners does not preclude consideration of the possibility that the lease might be renewed. *See Almota Farmers Elevator & Warehouse Co. v. United States,* 409 U.S. 470, 474, 93 S.Ct. 791, 794, 35 L.Ed.2d 1 (1973) (in condemnation proceeding, court must value improvements to leasehold over their useful life, taking into account the possibility that lease might be renewed). However, the Court in *Almota* clearly distinguished valuation of an improvement, where the possibility of renewal may be taken into account, and the valuation of the leasehold itself. *Id.* at 476, 93 S.Ct. at 795. The mere expectation of the lease's renewal is not a legal right and, thus, not compensable. *Petty Motor Co.,* 327 U.S. at 380 n. 9, 66 S.Ct. at 601 n. 9; *Scully v. United States,* 409 F.2d 1061, 1065 (10th Cir.1969), *cert. denied,* 396 U.S. 876, 90 S.Ct. 152, 24 L.Ed.2d 134 (1969); *27,223.21 Acres of Land,* 589 F.Supp. at 1127.

■ Naegele also argues there are fact disputes about whether the property owners voluntarily terminated their leases. However, the property owners are not parties to this action and Naegele failed to offer any evidence that the owners acted involuntarily when they terminated Naegele's leases. When a motion for summary judgment is brought under Minn.R.Civ.P. 56.03, the opposing party cannot rely on mere averments in pleadings or unsupported allegations. *O'Neil v. Kelly,* 307 Minn. 498, 499, 239 N.W.2d 231, 232 (1976); *Musicland Group, Inc. v. Ceridian Corp.,* 508 N.W.2d 524, 530–31 (Minn.App.1993), *pet. for rev. denied* (Minn. Jan. 27, 1994). Naegele failed to come forward with affirmative evidence sufficient to raise a genuine issue of fact. *See* Minn.R.Civ.P. 56.05 (when summary judgment motion is made and supported, adverse party must present specific facts showing genuine issue for trial); *Hunt v. IBM Mid America Employees Fed. Credit Union,* 384 N.W.2d 853, 855 (Minn.1986) (summary judg-

ment proper when nonmoving party fails to provide specific facts indicating there is genuine issue of fact). Under these circumstances, the trial court properly granted judgment as a matter of law for Lakeville.

## II.

Prior to July 5, 1989, Lakeville City Code § 9–3–7G(3) authorized the construction of one new billboard for every two billboards removed by a permit applicant. That ordinance was amended in 1989 to include the following provision:

> [n]o credit will be given for signs removed as a condition of platting or P.U.D. approval as required by subsection 9–3–4Q of this Ordinance.

In 1994, City Code provision 9–3–7G(3) was repealed in its entirety.

■ Naegele argues it has a vested right to construct replacement billboards under the now repealed ordinance. However, there is no vested right in zoning matters. *Property Research & Dev. Co. v. City of Eagan,* 289 N.W.2d 157, 158 (Minn.1980). Under certain limited circumstances, an unrealized right is recognized when it has "arisen upon a contract, or transaction in the nature of a contract, authorized by statute and liabilities under that right have been so far determined that nothing remains to be done by the party asserting it." *Ridgewood Dev. Co. v. State,* 294 N.W.2d 288, 294 (Minn. 1980) (quoting *Yaeger v. Delano Granite Works,* 250 Minn. 303, 307, 84 N.W.2d 363, 366 (1957)). An application for a permit may suffice, if the applicant has complied with all the provisions of the then pertinent code. *Hay v. Township of Grow,* 296 Minn. 1, 7 n. 3, 206 N.W.2d 19, 23 n. 3 (1973).

■ Naegele did not submit an application for a permit to construct replacement billboards until four years after City Code 9–3–7G(3) was amended. At the time Naegele submitted its permit, the ordinance in effect did not give Naegele the right to replace billboards which were removed as a condition of land use development. Under these undisputed facts, Naegele has no vested right to build replacement billboards.

## DECISION

By the express terms of its lease agreements, Naegele did not have compensable leasehold interests in outdoor advertising devices in Lakeville. Where Naegele failed to submit an application for a permit to construct replacement billboards until four years after City Code 9–3–7G(3) was amended, Naegele had no vested right to build replacement billboards. The trial court properly entered judgment in favor of Lakeville.

**Affirmed.**