ST. LOUIS PARK POST NO. 5632, et al., Plaintiffs,

Clear Channel Outdoor, Inc., a Delaware corporation, Appellant,

ASK Property Management, Inc., et al., Plaintiffs,

v.

CITY OF ST. LOUIS PARK, a municipal corporation, Respondent.

No. A04–500.

Court of Appeals of Minnesota.

Oct. 12, 2004.

Marvin A. Liszt, David K. Nightingale, Bernick and Lifson, P.A., Minneapolis, MN, for appellant.

Thomas M. Scott, Campbell Knutson, P.A., Eagan, MN, for respondent.

Gary A. Van Cleve, Anne M. Olson, Larkin Hoffman Daly & Lindgren Ltd., Bloomington, MN, for amicus curiae Outdoor Advertising Association of Minnesota.

Considered and decided by ANDERSON, Presiding Judge; WILLIS, Judge; and HALBROOKS, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant Clear Channel Outdoor, Inc., instituted a declaratory judgment action, arguing Minn.Stat. § 173.17(c) (2002) and the federal Highway Beautification Act, 23

U.S.C. § 131(g) (2000), preclude respondent City of St. Louis Park from requiring that a nonconforming billboard be removed as a condition of issuing a conditional use permit. The district court granted the city's motion for summary judgment. Clear Channel appeals from that judgment. We affirm in part and remand.

## FACTS

Clear Channel and St. Louis Park VFW Post 5632 entered into a five-year lease agreement on August 24, 2001. Under the lease, VFW granted Clear Channel the exclusive right to use a billboard located on top of a two-story building at Highway 100 and 36th Street in St. Louis Park. The billboard is presently a legal, but nonconforming, use on the property. At the time the lease began, VFW was the fee owner of the property.

In March 2002, Premier Equity Investments, Inc., owned by Korey Bannerman, entered into a purchase agreement with VFW to purchase the property. In May 2002, Bannerman, as president of ASK Properties, submitted an application to the city for a conditional use permit (CUP) to convert banquet facilities on the second floor of the building into multitenant office space, while maintaining VFW's use of the first floor as a bar and restaurant. ASK was a proposed lessee of the property. The application was signed by Bannerman and by a second individual, whose signature is unrecognizable, but who was listed as the property's "current fee owner."

At the time of the CUP application, the property did not conform to the local zoning ordinance and those nonconformities included the billboard and the use of the property for the VFW. The city has an ordinance stating that if a new use requiring a CUP is proposed for part of a multitenant building, the city may issue the CUP so long as any nonconformities existing on the site are "brought into greater or complete compliance with other provisions of this chapter to the extent reasonable and possible." St. Louis Park, Minn., City Code § 36–404(6)(b)(2) (2004).

On August 5, 2002, the city adopted Resolution 02–078, approving the requested CUP. The resolution stated that prior to issuance of a certificate of occupancy for any office use, a number of nonconformities on the property must be removed, discontinued, or phased out. The resolution also required that the billboard be removed and allowed VFW's bar and restaurant to remain for up to 15 years.

On November 8, 2002, VFW closed on the sale of the property and delivered a warranty deed to Bannerman, Donald B. Kasbohm, and Donald F. Kasbohm. These individuals had replaced Premier Equity Investments, Inc., as buyers on the purchase agreement. After the sale, some attempts were made to terminate the billboard lease according to the lease's early termination clause.[1] Those attempts were not successful.

On April 29, 2003, Clear Channel filed a declaratory action against the city to protect Clear Channel's interest in the billboard lease. On cross motions for summary judgment, Clear Channel argued that under Minn.Stat. § 173.17(c) (2002)

---

1. The lease provides:

   At any time during the Term of this Lease, the Lessor will have the right to terminate this Lease early for the Sale and/or Redevelopment of the Property requiring the removal of the Lessee's Advertising Sign from site, by providing the Lessee with a Seventy Five (75) day written notice of *Early Termination* to the office of the Lessee as provided for in Paragraph 11 above, along with a check for reimbursement, on a pro rata basis, for Rent pre-paid for the unexpired term resulting from the Lessor's *Early Termination* of this Lease.

and the federal Highway Beautification Act, 23 U.S.C. § 131(g) (2000), the city owed Clear Channel compensation for the removal of the billboard. The district court disagreed, granted the city's motion for summary judgment, and dismissed all of Clear Channel's claims with prejudice.

The property is now multitenant office space. By means of a stipulated agreement, the city granted a temporary certificate of occupancy and permitted the billboard to remain pending this litigation.

## ISSUES

I. Did the district court err in granting summary judgment in favor of the city on Clear Channel's claim for compensation, arising under Minn.Stat. § 173.17(c) (2002) and the federal Highway Beautification Act, 23 U.S.C. § 131(g) (2000)?

II. Did the district court err in granting summary judgment in favor of the city on Clear Channel's other claims including that the city acted arbitrarily and capriciously and denied Clear Channel's right to due process?

## ANALYSIS

■ On appeal from summary judgment, we review the record to answer two questions: (1) whether there are any genuine issues of material fact, and (2) whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). Summary judgment is appropriate when there are no genuine issues of material fact and either party is entitled to judgment as a matter of law. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). A genuine issue of material fact exists when the nonmoving party presents evidence that creates doubt about a factual issue that is both probative of an essential element of the nonmoving party's

case and that would permit a reasonable person to draw a different conclusion. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn.1997). This court reviews "the evidence in the light most favorable to the party against whom judgment was granted." *Fabio*, 504 N.W.2d at 761.

## I.

Clear Channel argues that the district court erred in granting summary judgment in favor of the city on its claim for compensation arising under Minn.Stat. § 173.17(c) (2002) and the federal Highway Beautification Act (HBA), 23 U.S.C. § 131(g) (2000). We disagree.

Private property cannot be taken for public use without just compensation. U.S. Const. amend. V; Minn. Const. art. 1, § 13. The HBA provides that property rights in outdoor advertising devices are entitled to the same protections. *See* 23 U.S.C. § 131(g) (requiring just compensation be paid "upon the removal of any outdoor advertising sign ... lawfully erected under State law and not permitted under [§ 131(c)]"). The HBA further requires that federal highway funds be reduced by ten percent to any state that does not enact provisions for the "effective control" of certain outdoor advertising. 23 U.S.C. § 131(b) (2000).

In compliance with the HBA, the Minnesota legislature passed substantive amendments to the Minnesota Outdoor Advertising Control Act. Minn.Stat. §§ 173.01–173.27 (2002). In part, Minnesota's statute provides:

[N]o advertising device which was lawfully erected shall be removed until all rights in the property, personal or real, have been acquired by purchase, gift, or eminent domain proceedings under chapter 117, whether or not the advertising device is removed pursuant to this

chapter or any other statute, ordinance, or regulation of any political subdivision of the state or local zoning authority. Minn.Stat. § 173.17(c).

Clear Channel's property interest is its billboard lease. *See Siggelkow v. Arnold,* 187 Minn. 395, 397, 245 N.W. 629, 630 (1932) (noting a five-year leasehold is an interest in realty). To determine whether the city has deprived Clear Channel of its property interest such that compensation is owed, we must consider whether the city has altered the terms of the lease. *Naegele Outdoor Advertising Co. v. City of Lakeville,* 532 N.W.2d 249, 252–53 (Minn. App.1995) (considering the effect of a city ordinance on a billboard lease to determine whether the lessee was owed compensation), *review denied* (Minn. Jul. 20, 1995).

■ The parties agree that the billboard is currently a legal, but nonconforming, use of the property on which it is located. Applying the city code, the city informed the landowner that the billboard must be removed as a condition of the city approving the landowner's request to develop the property. St. Louis Park, Minn., City Code § 36–404(6)(b)(2) (2004) (providing that where a new use requiring a CUP is proposed for part of a multitenant building, the city may issue a CUP as long as nonconformities existing on the site are "brought into greater or complete compliance with other provisions of this chapter to the extent reasonable and possible"). Clear Channel contends that it must be compensated for the loss of its billboard lease due to the city's imposition of the removal requirement.

But the city's action has not altered the lease. If the landowner chooses to forgo property development, the billboard may remain under the terms of the lease for so long as the landowner wishes. If the landowner chooses to develop the property before the lease expires, Clear Channel may leverage whatever remedies state law provides if the landowner's decision amounts to a breach of the billboard lease. As such, the city has not changed the terms of the billboard lease and it does not owe Clear Channel compensation under Minn. Stat. § 173.17(c). *E.g., Outdoor Sys., Inc. v. City of Mesa,* 997 F.2d 604, 618 (9th Cir.1993) (holding that city codes requiring removal of nonconforming billboards when property is developed did not affect taking of the leasehold because codes allowed billboards to remain as long as landowner wished and lessees had state-law remedies for breach of contract).

We note that our analysis is supported by this court's opinion in *Naegele,* 532 N.W.2d 249. In that case, the City of Lakeville required that five landowners, as a condition of development, remove nonconforming billboards located on their properties. *Id.* at 251. The landowners terminated Naegele's leasehold interests by exercising early termination clauses, the billboards were removed, and the properties were developed. *Id.* According to this court, "[t]he property owners terminated Naegele's leasehold interests when they exercised their lease options. Naegele's leasehold interests were not altered by the ordinance because the ordinance allowed the billboards to remain as long as the landowner desired and permitted that land use." *Id.* at 253. In this case, as in *Naegele,* the city has not acted in any manner that changed the leasehold interest, and it therefore does not owe compensation under Minn.Stat. § 173.17(c).

Clear Channel attempts to distinguish this case from *Naegele* and urges this court to follow the reasoning in *Lamar Advertising Co. v. Charter Township of Clinton,* 241 F.Supp.2d 793 (E.D.Mich. 2003). We find Clear Channel's attempt to distinguish *Naegele* unpersuasive. The facts in *Lamar* are significantly different

than the facts presented here. In *Lamar*, a landowner sought a variance from the township regarding construction of a parking lot. *Id.* at 796. Acting on an "informal policy" of removing billboards, the township imposed an "unrelated" condition on the variance that a nonconforming billboard, which was "some 200 feet away from the new parking lot," be removed. *Id.* at 795–76.

Here, the landowner sought to develop a new use of the property and sought a CUP from the city for that development. The city informed the landowner that removal of the nonconforming billboard was a condition of development pursuant to the applicable ordinance. Clear Channel does not challenge the city ordinance that designates this billboard as a nonconforming use. Clear Channel challenges the application of the ordinance requiring that nonconformities be eliminated, to the extent reasonable and possible, upon development of property into a multitenant building. St. Louis Park, Minn., City Code § 36–404(6)(b)(2). But this ordinance, like the one in *Naegele*, does not affect the rights and responsibilities that arise under the lease. If the landowner chooses to remove the billboard, or otherwise requires Clear Channel to do so, then Clear Channel will have whatever remedies are available, if any, under its lease and associated contract law.

Clear Channel and amicus curiae further argue that the district court misread the Minnesota Outdoor Advertising Control Act to require that compensation must be paid only where the sign is prohibited by provisions of the act. The conclusion critical to an understanding of the district court's order is found at paragraph 33, which states, "Minn.Stat. § 173.17(c) does not apply to the facts of this case. *Naegele* is controlling law in this case as contractual issues control whether or not the [billboard] is to be moved." We read this conclusion to mean, as we have concluded here, that compensation under Minn.Stat. § 173.17(c) is not owed. The district court did not err in granting summary judgment to the city.

## II.

Clear Channel contends that the only issue before the district court was its right to compensation under Minn.Stat. § 173.01 and the HBA, and therefore the district court erred by awarding summary judgment to the city on all of Clear Channel's other claims.

Clear Channel requested "partial" summary judgment on its claim for just compensation. Clear Channel did not request summary judgment as to other claims pleaded in the complaint, including the claims that the city acted arbitrarily and capriciously and that the city acted in violation of Clear Channel's due process rights. The city, however, requested summary judgment on all of Clear Channel's claims, arguing that *Naegele*, 532 N.W.2d at 249, was controlling precedent as to the claim for just compensation and that laches precluded Clear Channel from raising all other claims.

The district court's memorandum states that the only issue before it was Clear Channel's compensation claim, and thoroughly analyzes the reasons for granting summary judgment to the city on that issue. But the memorandum does not explain the basis for granting summary judgment to the city on Clear Channel's other claims. Thus, it is not apparent whether the district court inadvertently granted summary judgment in the entirety, whether it adopted the city's reasoning on laches and granted summary judgment for that reason, or whether it had another basis for granting summary judgment on all claims.

■ The award of summary judgment will be affirmed if it can be sustained on

any ground. *Myers v. Price,* 463 N.W.2d 773, 775 (Minn.App.1990), *review denied* (Minn. Feb. 4, 1991). But it is difficult to provide appellate review when the district court fails to state reasons justifying its decision. *See Boughton v. Boughton,* 385 N.W.2d 384, 387 (Minn.App.1986) (remanding for consideration of attorney fees issue when district court's order did not specifically address appellant's request for fees). Therefore, we remand this matter to the district court to permit it to address the claims made by Clear Channel, other than the compensation claim already decided. We express no opinion regarding whether summary judgment as to the remaining claims would be appropriate.

## DECISION

The district court did not misapply the law in determining that Clear Channel has no right to compensation under Minn.Stat. § 173.17(c) (2002). The parties' lease controls whether Clear Channel will be owed compensation if the billboard is removed by decision of the landowner. Summary judgment was correctly awarded to the city on the issue of just compensation. We remand to the district court to address the propriety of summary judgment on Clear Channel's other claims.

**Affirmed in part and remanded.**